Filed 6/13/22  In re Yobani R. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re YOBANI R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D079889 |
| Plaintiff and Respondent, | (Super. Ct. No. JCM243948) |
| v. | |
| YOBANI R., | |
| Defendant and Appellant. | |

APPEAL from a disposition order of the Superior Court of San Diego County, Ana Espana, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The juvenile court made true findings on several offenses alleged against Yobani R. (the Minor) in a petition filed under Welfare and Institutions Code section 602.  Specifically, the court found true count 1,

arson in violation of Penal Code[1] section 451, subdivision (d); count 2, malicious destruction of property in violation of section 594, subdivisions (a) and (b)(1); and count 4, false identification to a police officer in violation of section 148.9, subdivision (a).

At the disposition hearing, the court placed the Minor on probation for three years two months.

The Minor filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered the Minor the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

The appellant's opening brief contains an accurate summary of the facts of the offenses. We will incorporate the statement here for convenience.

"A. The Prosecution Evidence.

"On June 30, 2021, Escondido police officer Andrew Maxwell went to Central Elementary School in Escondido in response to a report of a fire. Maxwell saw a large plume of smoke. There was a large fire on the school grounds. The Fire Department arrived and extinguished the flames.

"Officer Matthew Nelson of the City of Escondido Police Department was an arson investigator. Nelson and his partner went to the school. Nelson saw smoldering debris in the area of the playground. The debris was the remains of a child's play structure. A school employee provided video surveillance recordings. A still photograph from the video surveillance

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

recordings showed two individuals. The still photograph was sent out to other officers for identification. Nelson received a short time later a communication from a sergeant that two subjects who were skateboarding had been detained in front of City Hall.

"Nelson drove to City Hall which was less than a mile from the school. Officer Larsen was there with [the Minor] and David [A]. [The Minor] wore blue jeans slightly rolled at the bottom, white shoes, and a black shirt. He had a black backpack. [The Minor] told Larsen his name was Brian Ramirez. The officers determined that Brian Ramirez was not [the Minor]'s true name. [The Minor] then admitted his identity. Larsen removed a lighter from [the Minor]'s left pants pocket. Nelson verified the lighter functioned. The lighter would almost be considered a torch lighter. It produced a hotter and more consistent flame than a standard lighter. It had a pressurized source that pushed the gas from the lighter at a higher rate than standard lighters. The lighter had a forced gas operated flame. [David A.] and [the Minor] were detained and taken to the police station.

"The next day, Nelson reviewed the school's surveillance videotapes. The video showed [the Minor], at the date and time mark of June 30 at 4:50 p.m., jump over the gate structure and open the gate so [David A.] could enter. They walked to the center of the school to the area where the playground structure was burned. The video surveillance showed [David A.] and [the Minor] wearing the same clothing that they wore when they were arrested at City Hall. They appeared to be drinking from an aluminum can. The police found two crushed beer cans.

"The defendants went in and out of the frame of the surveillance camera. This area was near the playground structure that burned. The video showed smoke in the upper left hand corner at three minutes and 23

3

seconds. The defendants gave each other a high five also known as a fist bump. [The Minor] paused to scrape debris off of the bottom of his shoe. They defendants then left. A piece of melted plastic had adhered to the bottom of [the Minor]'s shoe. It was recovered by the police. [The Minor]'s shoe pattern had melted into the piece of plastic. The video surveillance tapes showed a third person on the school grounds, but that person left before the fire started.

"The destroyed playground structure cost almost $50,000 to replace.

"B. The Defense Evidence.

"[The Minor] did not present any evidence."

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Was there sufficient evidence to prove that the Minor committed the offenses?

2. Whether the court erred in admitting an audio recording of discussions with the Minor, which were heard on a body worn camera.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented the Minor on this appeal.

4

## DISPOSITION

The juvenile court's disposition order is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DATO, J.